————o————

C. De Witt, *et al.*, Appellants, *vs.* H. D. Smith, *et al.*, Respondents

1. *Mechanics' lien—Description of premises—Sufficiency of.*—A lien filed under a mechanics' lien act, was held not fatally defective as between the mechanic and owner, which correctly designated the property as a "three story brick building on lots 19 and 20" of a certain town addition, but by a clerical mistake misdescribed the block as No. 2, instead of No. 20, where the notice properly located the property, and the evidence showed that the owner had no other three story building or other building for which material was furnished by plaintiff, and that he owned no other lots than those in block 20, in the addition. The description sufficiently identified the property under the statute.

Had a third party purchased the premises without any other notice on the record, and relying on such description, the rule would have been otherwise.

2. *Mechanics' lien—Description—Reasonable certainty.*—The rule now seems to be settled, that if enough appear in the description to enable one to identify the premises with a reasonable certainty, that is sufficient.

3. *Mechanics' lien statutes liberally construed.*—The better doctrine now is, that the statutes relating to mechanics' liens should receive a liberal construction, in order to advance the just and beneficent objects in view in their passage.

| 63 | 263 |
|----|-----|
| 97 | 52 |
| 63 | 263 |
| 35a | 348 |
| 63 | 263 |
| 45a | 370 |
| 63 | 263 |
| 52a | 630 |
| 63 | 263 |
| 114 | 500 |
| 63 | 263 |
| 120 | 43 |
| 63 | 263 |
| 60a | 4 |
| 63 | 263 |
| 63a | 31 |
| 63 | 263 |
| 66a | 320 |
| 63 | 263 |
| 73a | 677 |
| 75a | 629 |
| 63 | 263 |
| 80a | 99 |
| 63 | 263 |
| f81a | 460 |
| 63 | 263 |
| 91a | 231 |

De Witt, et al. v. Smith, et al.

*Appeal from Jackson Circuit Court.*

*Karnes & Ess*, for Appellants.

The amended statute requires a true description of the property, or so near as to identify the same. (Wagn. Stat. 909, § 5.)

In Williams vs. Porter (51 Mo. 441), it was a legal impossibility to enforce the lien, because there was no "attempt to describe the acre of land intended to be covered by the lien." No judgment could have been rendered, as no acre had been named to which the lien could attach. In Matlack vs. Lare (32 Mo. 262) there was the same difficulty. In the case at bar the petition asks the enforcement of the lien against lots 19 and 20 in block 20. The execution would be against that property to enforce a lien for materials actually used in that identical property. And Schell could not complain, as he was notified before the lien was filed, that the material had been furnished for this property.

The policy of the mechanic's lien law is beneficent, and it must be construed liberally, so as to advance the remedy, and not merely in the strictness of the letter. (Oster vs. Rabnare, 46 Mo. 595 : Putnam vs. Ross, 46 Mo. 337.)

*W. E. Sheffield*, for Respondents.

The description is not sufficient. The statute (Wagn. Stat. 909, § 5) refers to the land as well as the building. But that in the statement of the lien in the present case only designates the building as a "three story brick building," and totally misdescribes the land.

The affidavit is not that "the description of the property is correct," but that "the above is a true description of the building," etc. The affidavit may be true, and yet, *non constat* but that the building may be located elsewhere than in block 20.

WAGNER Judge, delivered the opinion of the court.

This was an action for the enforcement of a mechanic's lien, and was tried in the court below upon an agreed statement of facts.

It appears that Schell, the defendant, was the owner of lots 19 and 20, in block 20 of Ashburn's addition to the city of Kansas, and that he contracted with one Smith to build upon one end of said lots a three story brick building.

Plaintiffs furnished the brick for the building, and the contractor Smith being indebted to them therefor in the sum of $281.00, they gave notice to the defendant of the demand, properly and accurately describing the property. Afterwards and in due time a lien was filed with the clerk for the amount so claimed, which described the building as situated on lots 19 and 20 in block 2 in Ashburn's addition to Kansas city, thus misdescribing the block which should have been twenty instead of two. The petition properly describes the property and asks for the enforcement of the lien on lots 19 and 20 in block twenty.

The court held that the mistake in the number of the block in the paper filed with the clerk was fatal, and gave judgment for the defendant.

It is admitted in the agreed statement that the bricks were furnished by the plaintiffs and placed in the building; that they were never paid for by the contractor Smith, and that Schell, the defendant, owned no other lots in Ashburn's addition to Kansas city than 19 and 20, in block 20, and that he never owned any lots in block two.

The statute requires that in order to obtain a lien there should be filed " a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner, or contractor, or both." (Wagn. Stat. p. 909, § 5.)

As to what will be regarded as a sufficient description to sustain a mechanic's lien the general rule seems now to be, that if there appear enough in the description to enable a party, familiar with the locality, to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient.

There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is

enough that the description points out and indicates the premises so that, by applying it to the land, it can be found and identified. (Phil. Mech. Lien, § 379.)

In the case of Matlack vs. Lare (32 Mo. 262) the account filed described the property as two three-story brick houses on the east side of Fifth street, between Franklin avenue and Morgan street. The court held that the description of the property was not sufficient to enable a party to identify it. It was said that no boundary was given, nor was the number of the lot designated, nor did it even state that the property was in the city of St. Louis; that an execution issued upon the judgment would fail to disclose to the officer the property to be sold.

In Putnam vs. Rose (46 Mo. 327), the suit was on a mechanic's lien by the sub-contractor against the owner of the premises. Plaintiff's notice of the lien gave the name of the real debtor, but coupled with it that of a third party who was not liable. It was held if defendant was not misled to his injury by the mistake, the error would not vitiate the lien, and that, in the absence of proof, no presumption would arise that defendant was so misled. And in Oster vs. Rabenare (Id. 595), it was decided that a mechanic's lien upon a lot of land in the city of St. Louis was not void, because the description of the property filed in the clerk's office embraced more than one acre, no fraud being suggested, and the description being sufficient to enable the court to make it certain.

The courts at one time were inclined to hold that enactments for mechanics' liens were in derogation of the common law, and their provisions should therefore be construed strictly against those who sought to avail themselves of their benefits. But the better doctrine now is, that these statutes are highly remedial in their nature, and should receive a liberal construction to advance the just and beneficent objects had in view in their passage. Their great aim and purpose is to do substantial justice between the parties, and this should never be lost sight of in giving them a practical construction. In reference to the case now under consideration it must be borne in mind, that there is no contest between independent outside parties. Had a third person purchased the

property without any other notice on the record, he might have been deceived by the misdescription of the block, and it would not be considered as notice to him. The object of the law, so far as securing the validity of the lien against the owner is concerned, when a material man seeks to avail himself of the advantages, is that by the notice the owner may keep back enough of the contract price to indemnify himself against the liability. As to Schell, the owner and defendant in this case, it cannot be pretended that he was misled, or that he had any difficulty in identifying the property intended to be charged.

The notice informed him that the claim was for materials furnished for his brick building, erected by Smith as contractor, and accurately described the lots and block and the addition to the city, and even the corner of the streets on which the same was situated. The lien filed stated that the bricks were furnished by the plaintiffs to Smith who was the contractor with the defendant for the erection of the three-story brick buildings on the rear or west end of the lots described. The lots were properly described, but the block was mis-stated. These were the only lots on which defendant had a three-story brick building erected, or for which plaintiff furnished material at the instance of the contractor Smith, and clearly, it appears to me, under all the existing circumstances, that the description was sufficient to identify the property and inform the defendant to what the lien was intended to apply, and that the plaintiffs should not be deprived of their rights on account of a mere clerical error, for such the omission of the figure which caused the misdescription in the block, undoubtedly was.

According to these views, the judgment should be reversed and the cause remanded; the other judges concur.