CHARLES MCALLISTER *vs.* LUDWIG WELKER.

December 27, 1888.

39  535
43  452
39  585
52  120

**Pleadings—Construction, on Motion for Judgment.**—Previous decisions followed, holding that a complaint will be liberally construed, upon a motion by defendant at the time of the trial of the action, and after answering, for judgment on the pleadings.

**Conveyance—Description—Surplusage.**—A designation of land as "the Ludwig Welker farm of 109½ acres," in certain sections named, may be taken as a sufficient description, and the addition of a further description, shown to be false, will not prejudice.

**Same — Evidence held to Identify a Farm.** — Undisputed testimony of the identity of a "farm" thus described in two different instruments, the further descriptions (by governmental subdivisions) being in part not the same, *held* to justify a finding that the two instruments described the same land.

Plaintiff brought this action in the municipal court of Minneapolis to recover commissions as defendant's agent in the sale of certain real estate. The complaint alleges "that on the 17th day of February, 1887, defendant gave him (plaintiff) the exclusive sale of his (defendant's) farm, situated on sections 32 and 33, in town 119, range 21, Brooklyn township, said county, and agreed to give plaintiff five per cent. upon the first thousand dollars, and two and one-half per cent. on the balance of the purchase-money; that on the 7th day of March, 1887, plaintiff sold said farm for defendant for the sum of $10,950, to one S. C. Ferris, who was ready and willing to purchase said farm on the terms of said defendant, whereby said plaintiff became entitled to the sum of three hundred and seven dollars and seventy-five cents, no part of which has been paid." Defendant answered, specifically denying the allegations of the complaint, and alleging that on or about February 17, 1887, the defendant, who cannot well read English, relying on plaintiff's representations, signed a written instrument, which plaintiff represented to be a mere memorandum, containing only a description of defendant's farm, and the price at which he would sell the same; that if the instrument was,

in fact, a contract or agreement of any kind relating to the sale of the land, the defendant's signature to it was obtained wholly through the plaintiff's representations, which were false and fraudulent and made for the purpose of defrauding the defendant.   Upon the trial, by the court without a jury, defendant moved for judgment on the pleadings, on the grounds that the complaint did not state a cause of action, and that plaintiff, by failing to reply, admitted the defence of new matter set up in the answer, which motion was denied.   The instrument signed by defendant, authorizing plaintiff, as his agent, to sell the land, and the contract of sale given by plaintiff to Ferris, were produced and offered in evidence.   Judgment was ordered for plaintiff.   Defendant appeals from an order denying a new trial.

*J. N. Bearnes*, for appellant.

*C. F. Baxter*, for respondent.

DICKINSON, J.   The defendant did not call in question the sufficiency of the complaint until the commencement of the trial, after he had answered.   He then moved for judgment upon the pleadings. Under such circumstances, the complaint should be sustained, if, upon a liberal construction, a cause of action is disclosed.   *Kelly* v. *Rogers*, 21 Minn. 146; *Dunham* v. *Byrnes*, 36 Minn. 106, (30 N. W. Rep. 402;) *Malone* v. *Minnesota Stone Co.*, 36 Minn. 325, (31 N. W. Rep. 170.)   Under this rule, the complaint may be construed as showing that the sale for $10,950 was in accordance with the terms prescribed by the defendant.   The motion for judgment also involved the question whether the defendant was entitled to such a judgment for want of a reply to the allegations of the answer, as to the execution by the defendant of a certain written instrument having been fraudulently procured.   The action of the court in denying the motion was justified, because, if for no other reason, the allegations of the answer were insufficient to connect that instrument with anything alleged in the complaint.

The written instrument, as given in the record before us, executed by the defendant, authorizing the plaintiff to sell the land, described the property authorized to be sold as "my farm of 109½ acres on sections 32 and 33, town 119, range 21, Brooklyn township, Hennepin county, Minnesota; being N. W. ¼ of N. W. ¼ sec. 33, and N. E. ¼ of N.

E. ¼ sec. 32, and S. W. ¼ of S. W. ¼ sec. 33." The plaintiff made a contract in writing for the sale of the "Ludwig Welker farm of 109½ acres, described as follows." Then follows a description by governmental subdivisions, the same as in the written authorization above referred to, except that the last term of description is S. W. ¼ of *N. W.* ¼, which would locate that tract in another part of the section. The respondent claims that the description in the contract of sale correctly describes the defendant's farm, and that the different description appearing in the other instrument, according to the record, is the result of a mistake in the record. But we must take the record as it is, from which it appears that the plaintiff's authority was to sell the defendant's farm, described as embracing, as a part of it, the 40-acre tract in the *south*-west quarter of section 33. The contract of sale does not embrace the tract so described, but, instead of it, designates in its terms of description a 40-acre tract in the *north*-west quarter of that section. But in both of these instruments the lands referred to are described, not merely by governmental subdivisions, —which descriptions, considered alone, show an apparent discrepancy,—but by the further designation of the "Ludwig Welker farm" of 109½ acres, in specified sections. This was a proper mode of description; and, so far as appears, it certainly and accurately described the land authorized to be sold, and the land designated in the written contract of sale. If it were shown that the other terms of description were false, and that this designation of the "farm" was a certain description of the property in question, that which was false should have been disregarded, and effect given to that which remained. *Worthington* v. *Hylyer*, 4 Mass. 196; *Drew* v. *Drew*, 28 N. H. 489; 2 Devl. Deeds, §§ 1016–1018. We have had some doubt whether the evidence, as shown in the record, was sufficient to justify this course. The plaintiff testified that the 109½ acres sold by him "is the same land;" meaning thereby, as we understand the testimony, that it is the same land as that described in his written authorization. This is possible, if in fact there was an error in one of the terms of description so as to render that false and repugnant to the true description. This testimony was not contradicted, and the whole case seems to have been tried upon the theory that the farm designated in both

instruments was the same. Under these circumstances, we are of the opinion that the court·was justified in disregarding that part of the description which, if effect were given to it, would have made the language, the defendant's "farm of 109½ acres," to be applicable in part to two different tracts of land, and would have been contrary to the undisputed testimony as to the identity of the lands described in the two instruments in question. The order denying a new trial is therefore affirmed.

NOTE. A motion for reargument of this case was denied January 14, 1889.