R. P. RUSSELL *vs.* E. V. HAYDEN and another, impleaded, etc.

January 29, 1889.

**Mechanic's Lien—Description of Land.**—The description of premises in the statement for a mechanic's lien, filed with the register of deeds, viz., lots 5 and 6, in block 18, in "North Minneapolis Addition to Minneapolis," *held* sufficient identification of lots 5 and 6, in block 18, in "North Minneapolis," within the city of Minneapolis, belonging to defendants, and upon which the materials in question were used; there being no addition or division to or within the city, except the latter, to which the description could be applied.

**Evidence—Witness as to Value.**—Upon an issue whether the lumber furnished by plaintiff amounted in value to a certain sum, a witness, not shown to be acquainted with the market value and prices of lumber at the time, or to have seen and examined the lumber delivered by plaintiff, was not competent to testify.

Plaintiff brought this action in the district court for Hennepin county, to enforce a mechanic's lien for material furnished a contractor. The action was tried before *Young,* J., without a jury, and judgment ordered for plaintiff. The court found the value of the materials furnished to be $3,699.54. Defendants appeal from an order refusing a new trial.

*Carman N. Smith*, for appellants.

*Gilger & Harrison,* for respondent.

VANDERBURGH, J.    This action is brought to enforce a mechanic's lien in favor of plaintiff for lumber and materials furnished by him for and used in the construction of a certain brick block built for defendants on lots owned by them in the city of Minneapolis. The defendants admit that they own the land on which the building in question was erected, and that plaintiff furnished building material therefor, and used therein, but aver, upon information and belief, that it was of the reasonable value of $2,900, and no more; while on the other hand plaintiff claims and alleges that the amount thereof by him delivered and so used was of the actual and agreed value of $3,699.54. The defendants also raised the objection that the description of the premises in the affidavit and account for a lien filed for record was imperfect and insufficient to identify the lots in question.

1. The findings of fact by the court below are sustained by the evidence. From these it appears that the lots upon which the building is erected, and upon which the lien is claimed, are in "North Minneapolis;" the plat or map of which, being so designated, was filed in 1856, and in the certificate indorsed thereon, signed by the proprietors, the land covered by it is referred to as "the town of North Minneapolis." The land so platted was not then within the corporate limits of the town or city of Minneapolis, but has since been included therein, and is now a part thereof. The designation of the land in the affidavit is as follows: "That said building is situated upon a certain lot of land owned by said E. V. Hayden and Charles Mabie, in said county of Hennepin and state aforesaid, described as follows, to wit: Lots numbered five (5) and six, (6,) in block number eighteen, (18,) in North Minneapolis addition to Minneapolis, according to the plat thereof on file in the office of the register of deeds in and for said county of Hennepin; embracing in area less than one acre of land." There is no other plat or addition in the county named "North Minneapolis," nor any other tract or parcel of land within the corporate limits surveyed, laid out, and platted under that name. The plat itself shows clearly that it was

intended to be an addition to the village or city of Minneapolis, and the streets shown thereon are so laid out as to connect with and be an extension of the streets of the city which now run through it. The building in question was the only one erected by defendants during the year 1886, and the only one owned by them for which plaintiff furnished any material. We have no doubt that the description of the premises in the affidavit was sufficient to inform the defendants of the claim made by the plaintiff, and to identify the property, and to put all other persons interested upon inquiry such as to lead to such identification. Phil. Mech. Liens, (2d Ed.) § 379. The objection was properly overruled.

2. The defendant introduced no evidence to dispute the bills of lumber shown by plaintiff to have been sold and furnished for the building at prices therein specified; but a witness in their behalf, after testifying that he had examined the building subsequent to its completion, and the plans and specifications therefor, to ascertain the amount of lumber which would be necessary to build it, was asked how much lumber would have been necessary to erect that block, according to the plans and specifications, at the value of lumber in 1886. He was also asked: "From your examination and estimates, what amount was actually used in erecting the building known as the 'Hayden & Mabie Block?'" We are of the opinion that the court did not err in rejecting the evidence. No sufficient foundation was laid for it. It was not shown that the witness knew the value, price, or quality of the lumber furnished, or of that class of lumber, or that the specifications were in fact followed, or that his examination of the building after its completion was such as to enable him to state the amount or value of the lumber furnished, or that he in fact knew, or had any means of knowing, such amount. The evidence does not appear, therefore, to have been material or competent upon the issue whether the balance claimed by the plaintiff was due or not.

Order affirmed.