AXEL NYSTROM *vs.* LONDON & NORTHWEST AMERICAN MORTGAGE COM-
PANY, (Limited,) and another.

### July 21, 1891.

**Mechanic's Lien—Affidavit—Description.**—It is *held* in this action, which
was brought to enforce a mechanic's lien, that the property was described
with sufficient certainty in the lien-statement or affidavit.

**Same—Action to Enforce—Limitation.**—Where the lien of a mechanic or
material-man accrued under the provisions of the old law, (Gen. St. 1878,
*c.* 90,) the time within which the claimant may bring his action to enforce
and foreclose his lien was not cut down or affected by the passage of the
new law, (Laws 1889, *c.* 200.)

Action brought in the district court for Ramsey county, to enforce
a mechanic's lien. The defendant above named and Theodore Hamm,
mortgagees, separately appeal from an order refusing a new trial
after a trial before *Kelly*, J., and judgment ordered for plaintiff
establishing a lien in his favor for $258.22 on lot 11, in block 14, in
Oakville, an addition to St. Paul, superior to the lien of the mort-
gages of the respective defendants. The following opinion was
rendered on the appeal of the corporation.

*James H. Foote* and *W. W. Dunn*, for appellants.

*Munn, Boyesen & Thygeson*, for respondent.

COLLINS, J.   1. The real property on which a lien was claimed in
this action was described with sufficient certainty in the plaintiff's
lien-statement or affidavit. The words "in said county," found in
the averment in respect to and fixing the place where the labor was
performed and materials furnished, referred to their nearest ante-
cedent, the county of Ramsey, already spoken of and specified; and
it was wholly immaterial that this antecedent happened to be of the
venue of the instrument. In fact, the use of the term in this manner,
and with reference to the venue in an affidavit for a lien, was expressly
authorized by the statute in force when the one in question was
made. Gen. St. 1878, *c.* 90, § 18. In connection with the allega-
tion that the labor was performed and materials furnished in the

city of St. Paul, county of Ramsey, state of Minnesota, the subsequently appearing detailed description of the lot on which the building was said to have been situated was sufficient to inform the defendant owner of the claim made by the plaintiff, to identify the property as within said county, and to put the defendants mortgagees upon such inquiry as would have led to its identification. Nothing more than this was demanded. The same fulness and precision of description is not required in the lien-statement, as in the case of a conveyance or a judgment. *Russell* v. *Hayden,* 40 Minn. 88, (41 N. W. Rep. 456;) *Northwestern Pavement Co.* v. *Norwegian Seminary,* 43 Minn. 449, (45 N. W. Rep. 868.)

2. The action was brought within the period of time prescribed by law. The materials were furnished and the labor performed between December 22, 1888, and the 25th of March, 1889, while the lien-statement was filed for record on the following day, March 26th. The present action to foreclose was not brought until some 13 months thereafter. When the plaintiff's right of action matured, in March, 1889, the old law (Gen. St. 1878, c. 90) was in force; and, by the terms of section 7, his lien—the same having been established by the making and filing of an account in due form—continued in force for the space of two years from the completion of the labor or the furnishing of materials, and, if the old law is applicable, the action was seasonably commenced. But the appellant contends that the period of time within which the plaintiff could assert his rights by an action to enforce his lien claim was curtailed and reduced to one year from the day on which the last item of labor was performed or materials furnished, by Laws 1889, c. 200, § 10, the new lien law,—a statute which was enacted after plaintiff's rights matured and had been preserved by the recording of a verified account.

In *Nelson* v. *Sykes,* 44 Minn. 68, (46 N. W. Rep. 207,) it was held that the provisions of section 8 of the law just mentioned, requiring that the lien-statement be filed within 90 days from the date of the last item of work or materials, had not cut down or affected the space of time, six months, in which statements for liens accruing under the old statute were to be filed for record; and, on principle, it is impossible to distinguish between the rights of the lien-claimant, so far

as time is concerned, in the matter of recording the statement and in bringing his action.   If the time in which one of those acts is to be performed is regulated and controlled by the provisions of chapter 90, it must also be as to the other.   But it seems unnecessary to discuss a case which may be regarded as in point and as decisive of the question; for it is obvious that section 10 of chapter 200—the new law—has no application where, as in the case at bar, the lien-claim has accrued under the provisions of chapter 90, the old statute.   The language of the section is "that any person having a lien given by the provisions of this act may proceed to enforce the same," and also that "every such action to enforce such lien shall be commenced within one year."   It deals only with such liens as have been acquired by virtue of the chapter of which it is a part, and makes no attempt to interfere with, or to prescribe the period of time within which actions must be brought to foreclose, such lien-claims as may have accrued under the earlier statute.   Nor is there any other provision of the new law which has the effect to shorten the period fixed for the enforcement of plaintiff's claim by the statute in force when he furnished the materials and performed the labor mentioned in the verified statement.   As all rights existing when the law of 1889 took effect were saved by it, in express terms, the plaintiff could safely proceed to foreclose his lien within the time prescribed in said chapter 90.

Order affirmed.

---

NOTE.  At the same time with the foregoing opinion, the following decision was filed in the appeal of defendant Theodore Hamm:

*By the Court.*   This case is controlled by the conclusion reached in *Nystrom v. London & Northwest American Mortgage Company, (Limited.)*

Order affirmed.