ROBERT TULLOCH *et al. vs.* W. K. ROGERS *et al.*

Argued Nov. 22, 1892.   Decided Dec. 29, 1892.

**Description Held Sufficiently Certain to Sustain a Mechanic's Lien.**
In a lien statement filed under the provisions of Laws 1889, ch. 200, it was averred that the amount claimed to be due was owing "for labor performed and for skill and material furnished in the erection and construction of the basement of a certain school building known and to be known as the 'Hardy Hall,' situated   *   *   *   on the northwest quarter of the southwest quarter of" a certain section, township, and range.   The description was true in every particular, except that the basement in question was situated on the *northeast*, instead of the *northwest*, quarter of said southwest quarter.   In the city where situate, and at the time of its construction, said basement was generally known and called the "Hardy Hall," and the "Hardy Hall Site."   *Held*, as between the lien claimants and the owner of both tracts of land, that the above description was sufficiently certain to identify the property and to sustain the lien.

Appeal by plaintiffs, Robert Tulloch, Roderick Tulloch and Thomas Tulloch, from an order of the District Court of St. Louis County, *Severance*, J., made July 7, 1892, denying their motion for a new trial.

Action to foreclose a lien for $3,923.44, balance due plaintiffs for the stone work in the basement of the Hardy Hall School building at Duluth. They furnished the materials and did the work between May 14, and September 1, 1890, under a contract with the defendant, W. K. Rogers. The Highland Improvement Company, a corporation, owned the north half of the southwest quarter of section twenty-eight, (28,) T. 50, R. 14, and had knowledge that Rogers was constructing this school building upon the east half thereof and that plaintiffs were doing this work, but it gave no notice that its interests would not be subject to lien. On November 25, 1890, plaintiffs made and filed for record a statement for a lien in which, by mistake, the Hardy Hall basement is stated to be situated on the northwest, instead of the northeast, quarter of the southwest quarter of the section.

The Improvement Company was made defendant with Rogers and answered that the lien was invalid on account of this error in the description of the premises. The issues were tried September 8, 1891, before *Hon. M. J. Severance*, Judge of the Sixth Judicial District, sitting in the Eleventh District by assignment pursuant to Laws 1891, ch. 77. Findings were made and judgment ordered for plaintiffs against W. K. Rogers personally, for the amount of the plaintiffs' claim and interest, but refusing all other relief. Plaintiffs moved for a new trial, and being refused, they appeal.

*Cotton & Dibell*, for appellants.

The only error of description is in the use of the term "northwest," which should be "northeast." The quarter section, section, township and range, are correctly given. The mistake is in the designation of the particular part of the quarter section on which Hardy Hall was located. The court found that the foundation, during the time of its construction, was well known, and generally called in Duluth, Hardy Hall, and Hardy Hall site, and that the erroneous

description in the affidavit of claim of lien was the result of a clerical mistake and an inadvertence.

The appellants contend that the description set forth in their lien claim is sufficient to charge with the lien the premises upon which the Hardy Hall is in fact situated. Phillips, Mech. Liens, § 379; *Northwestern Pavement Co.* v. *Norwegian Seminary*, 43 Minn. 449.

It is evident that a more liberal rule as to the description might reasonably be allowed when the controversy arises between the lien claimant and the owner than when between the lien claimant and a subsequent incumbrancer or purchaser; and this distinction is recognized by the courts in enforcing mechanics' liens. *De Witt* v. *Smith*, 63 Mo. 263; *Kezartee* v. *Marks*, 15 Or. 529; *Murray* v. *Rapley*, 30 Ark. 568; *Russell* v. *Hayden*, 40 Minn. 88; *Nystrom* v. *London & N. W. Amer. Mortg. Co.*, 47 Minn. 31.

If a conveyance had been made by the Highland Improvement Company to Tulloch Brothers of the Hardy Hall, the erroneous and further description by government subdivisions would be rejected. *Brown* v. *La Crosse G. L., etc., Co.*, 16 Wis. 555; *Worthington* v. *Hylyer*, 4 Mass. 196; *Drew* v. *Drew*, 28 N. H. 489; *Baily* v. *Galpin*, 40 Minn. 319; *Thorwarth* v. *Armstrong*, 20 Minn. 464, (Gil. 419;) *Slosson* v. *Hall*, 17 Minn. 95, (Gil. 71.)

The rights of no subsequent purchaser, or incumbrancer, have intervened. The lien claim of plaintiffs certainly and correctly describes the Hardy Hall and premises and locates the same upon the correct quarter section. The Hardy Hall was commonly and generally known by that name, and its location known, and the further erroneous description should be rejected. *McAllister* v. *Welker*, 39 Minn. 535; *Scholes* v. *Hughes*, 77 Tex. 482; *Odd Fellows' Hall* v. *Masser*, 24 Pa. St. 507; *Tibbetts* v. *Moore*, 23 Cal. 208; *Caldwell* v. *Asbury*. 29 Ind. 451; *Tredinnick* v. *Red Cloud Con. Mining Co.*, 72 Cal. 78; *Martin* v. *Simmons*, 11 Colo. 411; *McClintock* v. *Rush*, 63 Pa. St. 203; *Harker* v. *Conrad*, 12 Serg. & R. 301; *Strawn* v. *Cogswell*, 28 Ill. 457; *Knabb's Appeal*, 10 Pa. St. 186; *Kennedy* v. *House*, 41 Pa. St. 39; *Parker* v. *Bell*, 7 Gray, 429; *City of Crawfordsville* v. *Boots*, 76 Ind. 32; *Cleverly* v. *Moseley*, 148 Mass. 280;

*Newcomer* v. *Hutchings*, 96 Ind. 119; *McNamee* v. *Rauck*, 128 Ind. 59; *Durling* v. *Gould*, 83 Me. 134.

*Henry F. Greene*, for respondents.

There is not a word in the lien statement to show that a lien is claimed on any other property but this northwest quarter of the southwest quarter of section twenty-eight (28). The statute requires the lien claim to set forth a description of the property to be charged with the lien. This lien claim fails to set forth any claim to a lien on the northeast quarter of said southwest quarter, and is insufficient to maintain judgment for a lien in plaintiff's favor. *Northwestern Pavement Co.* v. *Norwegian Seminary*, 43 Minn. 449; *North Star Iron Works Co.* v. *Strong*, 33 Minn. 1; *Farmers' Bank* v. *Winslow*, 3 Minn. 86, (Gil. 43;) *McCarty* v. *Van Etten*, 4 Minn. 461, (Gil. 358;) *Knox* v. *Starks*, 4 Minn. 20, (Gil. 7.)

Respondents' counsel also reviewed at length the numerous cases cited by appellant and further cited: *Lindley* v. *Cross*, 31 Ind. 109; *Runey* v. *Rea*, 7 Or. 130; *Rose* v. *Persse & Brooks Paper Works*, 29 Conn. 256; *City of Crawfordsville* v. *Johnson*, 51 Ind. 397; *Willamette S. M. & L. Co.* v. *Kremer*, 94 Cal. 205; *Kellogg* v. *Littell & S. M. Co.*, 1 Wash. St. 407.

COLLINS, J. The sole question in this case is the sufficiency, as between the lien claimants and the owner of the property, of the lien statement filed by the former, under Laws 1889, ch. 200. In plaintiffs' affidavit it was averred that the amount of their claim was owing "for labor performed and for skill and material furnished in the erection and construction of the basement of a certain school building known and to be known as the 'Hardy Hall,' situated on property hereinafter described. * * * That the said Hardy Hall basement is situated on the northwest quarter of the southwest quarter of section twenty-eight, in township fifty (50) north, of range fourteen (14) west, in St. Louis county, state of Minnesota."

The only error of description was that the basement should have been described as situated on the *northeast* quarter, instead of the *northwest* quarter, of the southwest quarter of said section twenty-eight.

The court below found, among other facts, that the respondent corporation was the owner of the forty acres described in the lien statement, and also the owner of the forty acres adjoining on the east, upon which the foundation or basement was actually constructed, at the time of such construction, and still remains such owner; that said lands were and are situated within the corporate limits of the city of Duluth; that in said city, during the time of the performance of the work by plaintiffs, said foundation or basement was well and generally known and called the "Hardy Hall," and "Hardy Hall Site," and that said foundation or basement was constructed with the knowledge of the respondent, but without its consent.

Laws 1889, ch. 200, § 9, provides that "the validity of the lien shall not be affected by any inaccuracy in the statement relating to the property to be charged with it, if such property can be reasonably recognized from the description" given; so that the question resolves itself into the simple inquiry whether the property on which the lien was sought to be established could be reasonably recognized from the description found in the lien statement, notwithstanding the inaccuracy in locating the foundation or basement on the west forty instead of on the east forty of an eighty-acre tract of land owned by the appellants. We think the court below erred when holding that it could not, and that the description in the statement was fatally defective. Formerly courts were inclined to great strictness when construing lien statements, and especially when determining the sufficiency of description of the property to be charged, but the doctrine now is that, as statutes conferring the right of lien are highly remedial in their nature, a liberal construction is demanded, in order that the objects in view in their enactment be not defeated. Recent legislation is all in the direction of doing substantial justice between the parties, without reference to technicalities in any of the preliminary proceedings. Speaking particularly of the case now before us, it must be borne in mind that the rights of third parties who might have been misled or actually deceived by an insufficient or erroneous description found upon the records, and thereby become entitled to the protection afforded by the registry laws, are not involved. The present controversy is solely between the lien claimants.

and the party owning the property at the time and on which the improvement was made, as well as that on which it was erroneously said to have been made. It has been held by this court, following the well-settled rule elsewhere, that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of other premises, it will be sufficient, and that it is enough that the description as found in the statement points out and indicates the premises so that, by applying it to the land, it can be found and identified; and also that less certainty of description is required in the case of affidavits for liens than in deeds of conveyance. *Russell* v. *Hayden,* 40 Minn. 88, (41 N. W. Rep. 456;) *Northwestern, etc., Co.* v. *Norwegian, etc., Seminary,* 43 Minn. 449, (45 N. W. Rep. 868;) *Nystrom* v. *London & N. W. Am. Mtg. Co.,* 47 Minn. 31, (49 N. W. Rep. 394.) This rule was adopted prior to the enactment of Laws 1889, ch. 200, § 9, *supra,* which, if anything, requires descriptions to be more liberally construed than theretofore. It is also a rule for the determination of all cases, including those in which the rights of third parties have intervened. Now, armed with the description found in plaintiffs' statement, could a person familiar with the locality have failed to identify the premises intended to be described with reasonable certainty, to the exclusion of others? We think not. To use the words of the present statute, the property could have reasonably been recognized from the description contained in the statement. And it is very evident that the respondent could not have misunderstood it, or have been misled by the inaccuracy. There was the allegation that plaintiffs' claim was for labor performed and materials furnished in the erection and construction of the basement of a certain school building known and to be known as the "Hardy Hall," situated upon property thereafter to be described. The description accurately stated the county, township, range, and section. More than this, the quarter section was correctly designated on which the basement was located, the court finding that through a clerical error and inadvertence the wrong forty acres of the quarter section had been mentioned; and also finding, as before stated, that in the city where situate, and at the time of

its construction, the foundation or basement in question was generally called and known as the "Hardy Hall," or the "Hardy Hall Site." No one would hesitate, if called upon to identify the premises intended to be described, or would fail to point out the same, or to recognize the real property sought to be charged with the lien, when examining the description contained in the statement. Any person familiar with the locality would know with reasonable certainty what premises were intended, to the exclusion of all others, and, if familiar at all with the boundary lines of the eighty acres owned by respondent, would at once discover the inaccuracy, out of which so much is attempted to be made.

We need not make special reference to the many cases cited in appellants' brief, in which very general descriptions of real property have been held adequate in actions to establish and foreclose mechanics' liens. Many of these cases have been commented upon in the recent case of *Cole* v. *Custer County, etc., Ass'n,* (S. Dak.) 52 N. W. Rep. 1086. In a contest between these plaintiffs and the respondent—owner of the land where the work was performed and materials furnished, and still the owner—the premises were described with sufficient certainty, notwithstanding the error in describing the forty acres on which the foundation or basement was built. See *Russell* v. *Hayden, supra; Brown* v. *La Crosse Gaslight & Coke Co.,* 16 Wis. 555; *De Witt* v. *Smith,* 63 Mo. 263; *McNamee* v. *Rauck,* 128 Ind. 59, (27 N. E. Rep. 423;) *Willamette Steam Mills Co.* v. *Kremer,* 94 Cal. 205, (29 Pac. Rep. 633;) *Seaton* v. *Hixon,* 35 Kan. 663, (12 Pac. Rep. 22;) *Martin* v. *Simmons,* 11 Colo. 411, (18 Pac. Rep. 535;) *Harker* v. *Conrad,* 12 Serg. & R. 301. Also *Mc-Allister* v. *Welker,* 39 Minn. 535, (41 N. W. Rep. 107.)

Order reversed, and case remanded for further proceedings in accordance with the demand for relief found in the complaint.

(Opinion published 53 N. W. Rep. 1063.)