KIRBY and others, vs. McGARRY, and others, impleaded, &c

Section 1, chapter 153, R. S., of the lien of mechanics and others, does not give a lien to a party who furnishes materials for a building, to a sub-contractor under the principal contractor with the owner.

2. The provisions of chapter 153 R. S., do not extend the privilege of a lien, to every person who furnishes material, used in the construction or repairing of a building, and however remote from the first contractor; but the limit is with the sub-contractor, and the person employed by, or material man of the original contractor.

APPEAL from the Circuit Court for *Milwaukee* County.

The facts of this case are sufficiently stated in the opinion of the court.

*E. Mariner* for appellants.

*J. La Due,* and *Palmer & Stark,* for respondents.

*By the Court,* COLE, J.   The city of Milwaukee entered into a contract with the respondent, McGarry, to alter, change and repair a building belonging to it, so as to make it suitable for a city hall.   McGarry sub-let the carpenter work to be done, to his co-defendants, Kemp and Kerr.   The appellants furnished and delivered lumber to Kemp and Kerr to be used in the construction, remodeling and repairing the building to the amount of about four hundred and thirty dollars, and now seek to obtain a mechanics lien upon the building for that amount.   They aver in their complaint that they gave due due notice to McGarry and the city of Milwaukee that they had furnished the lumber, used about the building, to Kemp and Kerr and should claim a lien under chapter 153, R. S. They further state, that at the time of the serving of such notice, the city was indebted to McGarry, and McGarry to Kemp and Kerr in a sum exceeding what the sub-contractors owed them.   The circuit court held that the statute gave no lien to a party who furnished materials for building to a sub-contractor under the principal contractor with the owner, and dismissed the complaint.   The question which we have to consider is whether this ruling was erroneous on the above

facts.   We are of the opinion that it was not.   This question must of course depend upon the provisions of the statute.

The first section makes every building erected or repaired, together with the interest of the person owning the same, in the land upon which it is situated "subject to the payment of debts contracted for, or by reason of any work done or materials found and provided by any brick-layer, stone cutter, mason, lime merchant, carpenter, painter and glazier, iron monger, plasterer, lumber merchant, &c."

Now it is claimed that this provision is unlimited and extends the privilege of the lien to any person who furnishes materials used in the construction of the building, to any degree and however remote from the first contractor.   In other words, that the legislature intended to give the right of lien to any one who performed work upon the building or furnished materials therefor, by whomsoever employed, even though it might be a sub-contractor in the third or fourth degree, or beyond.   But we think this conclusion must be abandoned when we consider the impracticability of carrying out such an intent by any method provided by the statute, as well as the hardship which would follow in many supposable cases.   For, suppose the owner pays his contractor, and the latter, the persons whom he contracts with, yet in some remote degree a sub contractor neglects or fails to pay for labor or materials.   Who then is to pay for such materials and labor?   The men who contract for them, or the owner who has already paid for his building?   If the right to the lien can be extended indefinitely, then it is very obvious there would be no safety in contracting for the erection of a building, and no prudent man would do it.   But the statute itself gives the limit beyond which the right to a lien does not extend.   The first section gives the right of the lien to the contractor or persons employed, or material man of the owner of the building; while the second section extends it to any person who may have done work *for such contractor or furnished materials for him*, provided he give no-

tice, &c., to the owner.    But the limit evidently is with the sub-contractor or with the persons employed by or material man of the original contractor.    The third section lends additional force to this construction in providing that no claim of any sub-contractor shall be a lien, except so far as the owner may be indebted to the contractor at the time of giving the notice, or may afterwards become indebted to such contractor.    This evinces a studious purpose of protecting the owner against a multiplication of liens on the part of distant claimants.    As the facts stated in the comp.aint show that the appellants are not within the provision of the statute, the complaint was properly dismissed.

The following cases will be found to recognize and sustain quite analogous principles.    *Webster vs. French*, 12 Ill., 302 ; *Harlan vs. Rand*, 3 Casey, 27, Penn., 511 ; *Greenough et. al. vs. Nichols, et. al.*, 20 Verm. 768 ; *Hervey vs. Hendricks*, 4, E. D. Smith's R. 768.

It follows from these views, that the judgment of the circuit court must be affirmed.