HARBECK vs. SOUTHWELL and others.

One who in the construction of a building stands to the owner in the relation of a sub-contractor in the second degree, is not entitled to a mechanic's lien under the statute.

A complaint against S., J. and B., for a mechanic's lien, alleged that said S. and J. and one A. contracted with B. to construct for the latter a brick building in accordance with certain plans and specifications, for a gross sum to be paid by

B. from time to time during the progress of the work, reserving from the payments, until the building was completed, fifteen per cent. of the value of the work performed; that S. and J. were partners in business as carpenters, joiners and master builders, and as such partners became parties to said building contract, and became indebted to the plaintiff as thereinafter set forth; that said S. & J., as contractors, under and by virtue of said building contract, employed the plaintiff as sub-contractor to furnish certain materials and to do certain work specified in the complaint, which materials were furnished and work done by the plaintiff; that all of said labor and materials were done and furnished by the plaintiff as sub-contractor for S. & J. as contractors, under and in pursuance of an agreement which had been entered into by said A. and said S. & J., as between themselves and those claiming under them, whereby said S. & J. were to do, or cause to be done, the carpenter and joiner work, and A. was to do, or cause to be done, the mason work, and whereby they were to divide the proceeds of such work in proportion to the relative values of the respective portions thereof done or caused to be done by each. *Held*, that these allegations do not show that S. & J. were sub-contractors under S., J. & A., and consequently do not show that the plaintiff was a sub-contractor in the second degree; but this court understands from the allegations, that S. & J., when they employed the plaintiff to do certain things relating to that portion of the work, which, by the agreement with A., was to be done or caused to be done by them, acted not only for themselves as principal contractors but likewise for their co-contractor, A.; and the plaintiff became a sub-contractor to all the principal contractors, and could avail himself of the remedies provided by the statute relating to mechanics' liens.

In seeking to avail himself of these remedies, the plaintiff should have made A. a party defendant to the action; but the objection, not having been taken by demurrer, was waived.

The complaint further avers that on the 8th of November, 1862, plaintiff served upon B. (for whom the building was constructed) a notice of his claims as such sub-contractor, and that he should claim the benefit of the statute relative to the lien of mechanics and others, &c.; that B. was at the time of the service of said notice, and has since become, indebted to said contractors, on account of work done and materials furnished in and about the construction of said building, in a sum exceeding the amount of plaintiff's said claim; and that plaintiff duly filed his petition for a lien, as required by the statute. The answer of B. was, in substance, that in February, 1863, the contractors announced their inability to proceed and complete the work under the contract, and abandoned it, when the owners went on and completed the building, charging the contractors with the expense thereof; that by an account subsequently made up by the architect, it appeared that the contractors were overpaid, &c.; but the answer did not deny the allegations of the complaint above stated. *Held*, on demurrer, that the answer was not sufficient.

APPEAL from the Circuit Court for *Milwaukee* County. This action was brought in June, 1863, against *George South-*

*well, Jr., Daniel O. Johnson, James S. Brown, Thomas L. Ogden* and *Alexander Mitchell*, to enforce a lien alleged to exist in favor of the plaintiff upon a building owned by the three defendants last named, for work done and materials furnished in constructing such building by the plaintiff as sub-contractor. The complaint avers that in May, 1862, one James Allen and the defendants *Southwell* and *Johnson* entered into a written contract with the other defendants above named, by which they agreed to construct for the latter a brick building on certain lots in the city of Milwaukee, according to certain plans and specifications prepared by one Nash, for $24,597 ; that the money was to be paid as the work on the building should progress, upon estimates to be made by Nash, fifteen per cent. of the estimated value of the work being reserved from such payments until the completion of the building; that *Southwell* and *Johnson* were at the time of the execution of said contract, and continued to be until every item of the indebtedness hereinafter set forth had accrued, copartners doing business in Milwaukee as carpenters, joiners and master builders, under the name of *Southwell & Johnson*, and as such copartners became parties to said building contract, and became indebted to the plaintiff as hereinafter set forth; that said *Southwell & Johnson*, as contractors under and by virtue of said building contract, employed the plaintiff, in June, 1862, as a sub-contractor to furnish certain material for and do certain work upon said building, the particulars of which are specified in the complaint; that he furnished said material and did said work between the 1st of October, 1862, and the 28th of April, 1863; that said *Southwell & Johnson*, as contractors as aforesaid, became further indebted to the plaintiff as sub-contractor as aforesaid, for other material furnished and labor done for them at their request by the plaintiff, in the erection of said building, to the amount of $61.23, between the first of October and the 22d of December, 1862.   The complaint then sets out a copy of the account of the plaintiff against *Southwell & Johnson* for the whole of the

labor and materials above mentioned, which account shows a balance due the plaintiff of $186.23. It is then alleged "that all the above labor and material was done and furnished by the plaintiff as sub-contractor for said *Southwell* and *Johnson* as contractors, under and in pursuance of an arrangement which had been entered into by said Allen and said *Southwell* and *Johnson*, as between themselves and those claiming under them, whereby the said *Southwell* and *Johnson* were to do or cause to be done the carpenter and joiner work upon said building, and the said Allen was to do or cause to be done the mason work upon said building, and whereby they were to divide between them the proceeds of such work rateably in proportion to the relative values of the respective portions thereof done or caused to be done by each. It is further alleged that the work so done and materials so furnished by the plaintiff were estimated and approved by said Nash on or before the 1st of May, 1863; and that there is still due the plaintiff on account thereof, $186.23. It is further alleged that on the 8th of November, 1862, plaintiff caused to be served upon the defendants *Brown, Ogden* and *Mitchell*, a notice in writing that he had been employed by said contractors to do said work and furnish said material, and had done work and furnished material of the value of $1,100, and should claim the benefit of chap. 153, R. S., entitled "Of the lien of mechanics and others," and all amendments thereof, and should look to them for the payment of all claims arising out of or in consequence of the furnishing of any material or the performance of any work by him on said building; that said *Brown, Ogden* and *Mitchell* were at the time of the service of such notice, and have since become, indebted to said contractors on account of labor done and materials furnished in the construction of said building, in a sum greatly exceeding the amount of said indebtedness from *Southwell & Johnson* to plaintiff; and that on the 24th of June, 1863, plaintiff filed his petition for a lien in accordance with the statute. The plaintiff therefor demands judgment against

said *Southwell and Johnson* jointly and severally, for $186.23, with interest. &c.; and that he has a lien upon said building, &c., &c., and that the same be sold to satisfy said lien.

The defendants *Brown, Ogden* and *Mitchell* answered, admitting that they entered into a contract with *Southwell, Johnson* and Allen for the erection of a building as alleged in the complaint, and averring that by said contract certain specified portions of the building were to be completed by the 20th of October, 1862, and the whole building by the 20th of November following, and if not so finished the contractors were to pay them, as liquidated damages, a sum of money equivalent to rent for the additional time required for completing the building, at the rate of $9,000 per annum for the whole building, and in fair proportion for any part of the same, and that such sum should be brought into the final account; that it was agreed between said defendants answering, and said Allen, *Southwell* and *Johnson,* that all differences which should arise between said parties, and all claims for damages growing out of said contract or its non-performance by either party, should be referred to the superintending architect, Nash, and his decision should be final; that on the 18th of February, 1863, Allen, *Southwell* and *Johnson* having substantially abandoned said work, and having announced their inability to proceed and complete the same under the contract, said defendants caused a written notice to be served on the contractors, that they would themselves finish the building, charging said contractors with the expense thereof, as they had a right to do under said contract; that the contractors thereafter ceased and refused to do work under the contract, and said defendants paid for the work thereafter done; that in pursuance of the terms of the contract, said Nash, superintending architect, had made a final statement of accounts between said defendants and said contractors, by which it appeared that said defendants have overpaid, and on the 18th of February, 1863, had overpaid said contractors the sum of $877.58. It is further alleg-

ed that said defendants have been served with notices of lien on behalf of several other persons named in the answer.

The plaintiff demurred to the answer as not stating a defense ; but the court overruled the demurrer, stating the ground of its decision in writing as follows : " The owners contracted with all three of the contractors absolutely. The plaintiff does not stand related to them as a sub-contractor, for he enters into an independent contract with *Southwell & Johnson* alone. The contractors sub-contracted between themselves, but the owners were not concerned in that agreement. If the plaintiff is to be regarded as a sub-contractor, it must be in the second degree, and too remote for the application of the statute." The plaintiff appealed.

*L. Wyman*, for appellant.

*Thos. L. Ogden*, for respondents :

The lien under the statute cannot extend beyond the sub-contractor, and as to him it is limited to the indebtedness of the owner—which can only be determined by the principal contract. The effect of the statute as to sub-contractors is simply to assign to them a *pro tanto* interest in the principal contract. Their position is no better and no worse than that of the principal contractor. The rights of the owner under his contract were unimpaired ; he is liable to the sub-contractor to the amount of his indebtedness to the principal contractor, and no more. Hence it follows in the present case, first, that the answer, disclosing a failure on the part of the contractors to perform their part of the contract, is as perfect a defense as if the contractors themselves brought this action ; and second, that the appellant, in not founding his complaint on the original contract, and showing the liability of the *owners* to the contractors, on *their contract*, has stated in his complaint no cause of action. *Malbon v. Birney*, 11 Wis., 107 ; *Baasen v. Baehr*, 7 id., 516. 2. The lien of the sub-contractor is on the indebtedness of the owner to the contractor. That indebtedness is the property of the contractor, and is made by the statute liable for his debts.

In the present case, the contractors were Allen, *Southwell* and *Johnson;* the indebtedness of the owners, if any, was to them, and was their property. The plaintiff seeks to charge that property with a debt of *Southwell & Johnson.* The statute confers no such right. 3. The lien given by the statute is for debts contracted "for work done and materials found and provided." The lien is for work *already done,* not for work *thereafter* to be done. The lien of the sub-contractor is precisely the same as that of the contractor, limited in amount, however, by the indebtedness of the owner at the time or after the notice was given. To the principal contractor, periodical payments as the work progresses are essential to his ability to perform his contract. The statute secures the sub-contractor for the work he has done, by a lien upon the periodical payments. It does not place it in the power of a sub-contractor to stop these payments until enough is due to the contractor to answer the entire amount which the sub-contractor may claim will *thereafter* become due to him. In the present case the appellant gave notice to the owners, November 8th, 1862, that he had done work amounting to $1,100. From the account set forth in the complaint it appears that on the 15th of the same month he had received $1,225. His debt, therefore, has been more than paid, and he has no lien. If he did further work for which he wished a lien, he should have given further notice. 4. If there was money in the hands of the owners due to the builders, it was a fund from which the debts owing by the co-partnership of Allen, *Southwell & Johnson* must be first paid; after the payment of those debts, Allen or his creditors would be entitled to their share, *Johnson & Southwell* or their creditors to their share. The answer gives the names of various parties who have served on the owners notices of lien. It does not appear whether these are sub-contractors or not; but at any rate, if there was any fund, without Allen and the other claimants before the court, it would be impossible to distribute it. The complaint itself is defective in not making Allen

a party, and the answer, disclosing the names of other parties interested, makes it incumbent on the plaintiff, before proceeding with his action, to bring them before the court. Revised Statutes, p. 715, sec. 22 ; *Davis v. Mayor &c. of New York*, 2 Duer, 663 ; *State of N. Y. v. Mayor of N. Y.*, 3 id., 121.

*By the Court*, COLE, J. The circuit court held, from the allegations in the complaint, that the plaintiff stood, in respect to the owners of the building, in the relation of a sub-contractor in the second degree, and was therefore not entitled to a mechanic's lien under the statute. If he did stand in that relation, the conclusion of law was undoubtedly correct.

The complaint alleges that the defendants, *Southwell & Johnson*, and one Allen, entered into a contract with the defendants *Brown, Ogden* and *Mitchell*, by which they were to construct for them a large brick building in the city of Milwaukee. The building was to be constructed according to certain plans and specifications prepared by an architect, for a gross sum, which was to be paid according to the estimates of the architect made from time to time during the progress of the work, reserving fifteen per cent. of the estimated value of the work performed, from the payments, until the building was completed. The complaint then alleges, " that the said *George Southwell, Jr.*, and the said *David O. Johnson*, were at the time of the execution of the said contract, and continued to be until each and every item of indebtedness hereinafter charged and set forth had fully accrued, co-partners doing business in said city of Milwaukee as carpenters, joiners and master builders, under the firm name and style of *Southwell & Johnson*, and that as such co-partners they became and were interested in and parties to said building contract, and became indebted to the plaintiff as hereinafter set forth." Then, after stating the particulars of the indebtedness, the work done and materials furnished, the complaint proceeds as follows: " All the above labor and material was done and furnished in and about

the erection and construction, by the plaintiff as sub-contract-or for said *Southwell & Johnson* as contractors, under and in pursu-ance of an agreement which had been entered into by the said Allen and the said *Southwell & Johnson,* as between themselves and those claiming under them, whereby the said *Southwell & Johnson* were to do, or cause to be done, the carpenter and joiner work, including the painting, glazing and tin work up-on the building, and the said Allen was to do, or cause to be done, the mason work, including the iron work thereon, and whereby they were to divide between them the proceeds of such work rateably in proportion to the relative values of the respective portions thereof done or caused to be done by each."

These are all the allegations bearing upon the point we are considering, and the question is, Do they show that the plaintiff, in respect to the owners of the building, stood in the relation of a sub-contractor of the second degree? It appears to us not. In order to sustain the view that the plaintiff held that relation, we must infer from the above allegations that the con-tractors entered into some sort of arrangement among themselves by which they became in respect to each other sub-contractors, that is, sub-contractors in a case where they were all most clear-ly principal contractors. Whether such a blending of charac-ters, such a mixture of legal relations, could exist, and our lien law give effect to them, we will not stop to enquire, as we do not understand that any such relation was attempted to be created in this case. As we understand the complaint, the contractors, for their own convenience doubtless, made an ar-rangement among themselves, by which they divided the work so that when *Southwell* and *Johnson* employed the plaintiff to do certain things relating to their portion of the work, they acted not only for themselves as principal contractors, but like-wise for their co-contractor Allen. In other words, by this ap-portionment of the work, this arrangement among themselves, they authorized each other to employ other persons to work

and furnish materials for their respective branches of the contract. If Allen had employed persons to aid in doing the mason work, he should be considered as acting for all the contractors. If *Southwell & Johnson* employed persons to assist them in doing the carpenter work, they likewise should be deemed as acting not alone for themselves but also for their co-contractor Allen. This being so, the plaintiff stands in the relation of a sub-contractor to all the principal contractors, and can avail himself of the remedies of the statute. It is true, according to this view of the relation of the parties, Allen should have been joined as a party defendant; but as no objection was taken by demurrer that he was not, the defendants must now be deemed to have waived it. *Cary v. Wheeler*, 14 Wis., 281; *Mead v. Bagnall*, 15 id., 156; *Faesi v. Goetz*, id., 231.

This brings us to a consideration of the sufficiency of the answer demurred to. The main objection taken to the answer is, that it does not deny the averment in the complaint that the owners were indebted to the contractors on account of work done and materials furnished under the contract at the date of the notice given by the plaintiff that he claimed a lien, November 8, 1862, and afterwards, in an amount more than sufficient to meet his claim. We think this objection to the answer well taken. The averment in the answer is, in substance, that on or about the 18th day of February, 1863, the contractors announced their inability to proceed and complete the contract, and abandoned the work, when the owners went on and finished the building, charging the contractors with the expense thereof, as they well had a right to do under the contract: that by an account subsequently made up by the architect, it appeared that the contractors were overpaid, &c. Now it is said, in respect to this averment, that it admits, by the strongest implication, that prior to the time the account was stated the owners of the building were indebted to the contractors in an amount exceeding the plaintiff's claim, and that if so, his lien

cannot be defeated, even if the contractors were afterwards permitted to overdraw their account. This position is undoubtedly sound, since our statute distinctly declares that the lien of the sub-contractor shall be valid so far as the owner may be indebted to the contractor at the time of giving his notice, or may afterwards become indebted to such contractor. Sec. 3, chap. 153. The complaint is very explicit in alleging that the owners, at the time of the service of the notice and afterwards, became indebted to the contractors on account of work done and materials furnished in and about the erection of the building, in a sum greatly exceeding the amount of indebtedness from the contractors to the plaintiff. This material allegation was not denied, except in the manner above stated.

We therefore think the answer was insufficient, and that the demurrer to it should have been sustained.

The order overruling the demurrer is reversed, and the cause remanded for further proceedings.