HENRY STEPHENS *v.* THE UNITED RAILROADS STOCK YARD COMPANY ET AL.

The statutes, commonly called the mechanics' lien law, as amended March 30, 1875 (72 O. L. 166), do not provide a remedy in favor of a creditor of a sub-contractor against funds in the hands of the owner of the building, due or to become due to the original contractor.

MOTION for leave to file a petition in error to the District Court of Hamilton county.

The United Railroads Stock Yard Company contracted with Jenkins & Ludwig to furnish materials and construct upon the company's premises a brick building for a certain price. Jenkins & Ludwig sub-contracted with one Isaac Carson for the labor and material necessary for the brick-

work. Carson purshased of Stephens, plaintiff in error, the bricks used in the construction of the building. After Stephens had delivered the bricks upon his contract with Carson, and failed to get the whole of the purchase money from Carson, he delivered to the United Railroads Stock Yard Company an attested account of the value of the materials furnished and remaining unpaid. The original action was brought by Stephens to recover the balance due him. To this action the United Railroads Stock Yard Company, Jenkins & Ludwig, and Isaac Carson were made defendants. Judgment was recovered as against Carson, but the action was dismissed as to the stock company and Jenkins & Ludwig. To such dismissal the plaintiff excepted. The judgment of the court of common pleas was affirmed by the district court.

*Jacob Wolf,* for the motion, argued that the statute clearly intended to provide for a sub-contractor of a sub-contractor.

A employs B to do the brick-work, B contracts with C to furnish the brick; the brick are furnished to the owner, and they are put into the building. Why should the party, who thus furnishes materials, not be protected as well as the party who does the brick-work? It is said there is no privity between this material man and the owner. It is not a question of privity; there is no privity between Carson and the owner. The object of the statute is that all those who contribute toward the erection of the building, whether by material or labor, shall be protected. Those who contract with the owner directly have a lien on the building; those who contract with a sub-contractor shall have a lien on the fund. *Copeland* v. *Manton,* 22 Ohio St. 402; *McCullom* v. *Richardson,* 2 Handy, 274; *Oates* v. *Haily,* 1 Daily, 338; *Superintendent* v. *Heath,* 15 N. J. Eq. 22; *Chateau* v. *Thompson & Campbell,* 2 Ohio St. 114.

*Moulton, Johnson & Blinn,* and *Lipman Levy,* contra, said

that the question is, does the mechanics' lien law ex‐ tend its protection to any others than the contractor and sub-contractor, and does it include within its scope every person who furnishes labor or material for a building, whether that person be a creditor of a sub-contractor or a creditor of a creditor of a sub-contractor or material man. And upon this point cited laws of New York, 1830, page 412 (which is claimed to be identical with the law of Ohio), and *Wood* v. *Donaldson*, 17 Wend. 550; *same parties*, 22 Wend. 395; *Turcott* v. *Hall*, 8 Ala. 522; *Utter* v. *Cram*, 37 Iowa, 631; *Kirby* v. *McClary*, 16 Wis. 68; Phillips on Mechanics' Liens (1 ed.), 65, 70, *et seq.*

By THE COURT. The question in this case arises under the mechanics' lien law, as amended on the 30th of March, 1875 (72 Ohio L. 166). The plaintiff in error, who was a creditor of the sub-contractor for materials furnished, sought to recover his claim from the owner of the building, under favor of section 2 of said amendatory act, which provides that " any person who shall furnish materials for the construction of any such building, . . . whose demands for . . . materials so furnished have not been paid and satisfied, may deliver to or file with such owner . . . an attested account of the amount and value of . . . materials furnished and remaining unpaid; and thereupon such owner . . . shall retain out of his . . . subsequent payments to the contractor the amount of such . . . material for the benefit of the person so . . . furnishing the same."

The terms of the section, " any person who shall furnish materials," are comprehensive enough to include the creditor of any sub-contractor, as well as the creditor of " the contractor;" but upon examination of the whole statute, as amended, it is quite clear that the legislature did not intend to provide a remedy for material men who credit any person other than the owner or the original contractor.

                    *Motion overruled.*