G. B. SHAW & Co., Respondents, v. JOHN BRYAN *et al.*, Appellants.

Kansas City Court of Appeals, March 3, 1890.

1. **Practice, Trial:** ADMISSION OF INCOMPETENT TESTIMONY : HARMLESS, WHEN. While it is incompetent for plaintiff to establish his account by a witness who knows nothing thereof, except what plaintiff's books show, yet the admission of such evidence is harmless where the testimony of one of the defendants is sufficient to warrant a finding that the account was correct and unpaid.

2. ———: MECHANIC'S LIEN: DEMURRER TO EVIDENCE : DEFENDANT'S EVIDENCE. In an action to enforce a mechanic's lien, where the defendant land-owner demurs to plaintiff's evidence, on the ground that it fails to show him such owner, and on its being overruled, defendant's own evidence discloses such ownership. *Held*, by introducing testimony in his own behalf, defendant waived his demurrer and the court will look to the whole testimony.

3. **Mechanics' Lien:** NOTICE TO LAND-OWNER OR HIS AGENT. Though the ten days' notice of intention to file the lien has been served on the land-owner's agent, as owner instead of as agent, such service is sufficient to fulfill the object of the statute.

4. **Appellate Practice :** WHEN OBJECTION NOT CONSIDERED. The appellate court cannot consider an objection when it is not set forth in the abstract.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*Scammon & Stubenranch*, for the appellant.

(1) Against the objection of the defendant the plaintiff was permitted to prove its account thus: *Question:* "I will ask you to look at this account, and state whether or not it is correct? *Answer:* "Yes, it is correct," witness declaring he knew nothing about the correctness of the account, except as the contractors' balance appeared on plaintiff's books. This was improper. 1 Greenl. Ev., sec. 440; *Anderson v. Volmer*, 84 Mo. 403. (2) The court erred in refusing to sustain the demurrer to the evidence asked, at the close of the plaintiff's evidence. There was no evidence that either defendants, Uihlein or Mueller, were the owners of the property. 1 R. S., sec. 3180; *Porter v. Foote*, 35 Mo. 107. It nowhere appeared, by the plaintiff's evidence, that the lumber in question, the materials, were furnished—to use the language of the statute—"under or by virtue of any contract with the owner or proprietor thereof or his agent, trustee, contractor or sub-contractor." R. S., sec. 3172; *Mill Co. v. Brundage*, 25 Mo. App. 268. (3) The petition alleged that both Mueller and Uihlein were the owners of the land. The mechanics' lien declared Mueller to be the owner, and the affidavit thereto declared that plaintiff had given the ten days' notice, as required by law, of a sub-contractor to Mueller, as owner. The court erred in refusing to give instruction number 2, asked by defendant, to the effect that service on Mueller was not good as to Uihlein. and in giving instruction number 1, asked by plaintiff, which treated such notice as valid. 1 R. S.,

Shaw & Co. v. Bryan.

sec. 3190; *Ex parte Snyder*, 64 Mo. 58; 1 Chitty on Conts. 89; 2 Stephens Com. 112; *Mill Co. v. Brundage*, 25 Mo. App. 268.

*Kagy & Brennerman*, for the respondent.

(1) The evidence of Mueir, though incompetent, was harmless. *Gray v. Railroad*, 64 Mo. 47; *Knisley v. Bond*, 9 Mo. App. 359; *Breckinridge v. Ins. Co.*, 87 Mo. 62; *Moore v. Mountcastle*, 72 Mo. 60; *Davis v. Hilton*, 17 Mo. App. 319; *Auction Co. v. Mosier*, 16 Mo. App. 473; *Moffatt v. Turner*, 23 Mo. App. 194. (2) The default of Bryan admitted the cause of action. R. S. 1879, sec. 3681; *McCutchen v. Batterton*, 1 Mo. 342; *Froust v. Barton*, 15 Mo. 119; *State v. Reinhart*, 31 Mo. 95; 5 A. & E. Encyclopedia, p. 460. (3) The notice of lien claim was a strict compliance with the law and was properly served. R. S. 1879, sec. 3190; *Morrison v. Hancock*, 40 Mo. 566; *De Witt v. Smith*, 63 Mo. 267; *Henry v. Plitt*, 84 Mo. 237; *Schuldenbery v. Werner*, 6 Mo. App. 292; *Johnson Co. v. Morrison Co.*, 23 Mo. App. 546; *Steinmann v. Strumple*, 29 Mo. App. 485; *Towner v. Renick*, 19 Mo. App. 209. (4) It was competent to prove the agency of Mueller by his own evidence. 2 Greenl. Ev. [8 Ed.] sec. 63. (5) The lien statement, taken as a whole, is sufficient. The statement and affidavit must be taken together. *Simmons v. Carrier*, 60 Mo. 581. (6) The petition is sufficient. It says Mueller and Uihlein are the owners of the premises, and that service of notice was made on Mueller. *Peck v. Husley*, 21 Ind. 344.

ELLISON, J.—This is an action against defendant Bryan as contractor and defendants Uihlein and Mueller as owners of a certain lot and house erected thereon. Bryan made a contract with Mueller to build a house on the lot and plaintiffs furnished the lumber and material to Bryan which was used in the construction of the house.

The preliminary notice was served on Mueller. Bryan made default and judgment was given for the enforcement of the lien against the house. Defendants Uihlein and Mueller appeal.

The first objection is as to the admission of the testimony of one Mueir as to the correctness of the account. It appears that he knew nothing of the account except what he learned from plaintiffs' books. Though this was not competent testimony, yet its reception has worked no harm, as by the uncontradicted testimony of Bryan it appears clear enough that the account was correct. There was enough in Bryan's testimony upon which to base a finding that the account was correct and unpaid.

A demurrer to the evidence offered for plaintiff was made and overruled. It was argued that inasmuch as the testimony for plaintiff failed to show that either Uihlein or Mueller were the owners of the property that the demurrer should have been sustained. Grant this, and defendant cannot urge it here for they have remedied the defect by introducing Mueller in their behalf who testified, on cross-examination, that Uihlein was the owner and he his agent, and that as such agent he made the contract with Bryan, the builder. By introducing testimony in their own behalf, defendants waived their demurrer and we will look to the whole evidence.

The further contention is urged that since it was established that Uihlein was the owner of the property and Mueller was his agent, and that service of the ten days' notice of the intention to file the lien was made upon Mueller as owner and not as agent, it was not the required notice. We are not inclined to sustain this position. The statute requires the notice to be served upon either the owner or agent. In this case it was in fact served on the agent though he was called the owner. It seems to me that the object of the statute has been fulfilled. The proper party has been notified and put in

possession of those facts which the statute has provided for his protection.

Counsel state in their argument that the petition does not allege service on Uihlein or his agent. Of this we cannot say as the petition is not set forth in the abstract.

We perceive no error substantially affecting the merits of the action and we affirm the judgment. All concur.