## STONE COMPANY *v.* BOARD OF PUBLICATION.

### (*Nashville.* February 9, 1892.)

MECHANICS' LIEN. *Furnisher of materials to subcontractor not entitled to.*

The furnisher of building materials to a subcontractor has not, under our statutes, a mechanics' or furnisher's lien upon the property constructed, built, or repaired therewith.

Code construed: §§ 2739, 2746 (M. & V.); §§ 1981, 1986 (T. & S.).

Cases cited: Stevens *v.* Wells, 4 Sneed, 389; Greenwood *v.* Tennessee Manufacturing Company, 2 Swan, 130; Iron Company *v.* Bynum, 3 Sneed, 269; 17 Wend., 550; 23 *Id.*, 395; 29 Ohio St., 227; 27 Penn., 511.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

FRIZZELL, ZARECOR & COLES for Stone Company.

JOHN M. GAUT, HAMILTON PARKS, and DICKINSON & FRAZER for Board of Publication.

LURTON, J. The point for decision is as to whether one who furnishes materials to a subcontractor is within the provisions of Code, § 2739

*et seq.,* giving a lien to contractors, mechanics, and furnishers of materials.

Section 2739 gives a lien "upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, * * * by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials," etc.

This section is substantially the first section of the Act of 1846, Ch. 118.

By § 2746 this lien is extended to "every journeyman or other person employed by such mechanic, founder, or machinist to work on the buildings, fixtures, machinery, or improvements, or to furnish materials for the same."

This section is in substance the second section of the Act of 1846.

By a careful reading of these sections it will be seen that the one first quoted gives the lien only to the mechanic or undertaker, founder or machinist, who by *special contract with the owner* of the lot does the work or furnishes materials. If the law had stopped here, none but original contractors would be entitled to the lien. But by the next section quoted the benefits of this lien are extended to all persons who shall be employed by "*such mechanic, founder, or machinist* to work on the buildings, * * * or to furnish materials for the same." Thus *subcontractors,* upon complying

with the other provisions of the law, were brought within the meaning of the Act. Complainant is not a contractor who has furnished materials, and it is therefore not within § 2739. Neither has it been employed to furnish materials by a contractor. Therefore it is not entitled to stand upon the section relating to subcontractors. It is, however, claimed that. the Act of 1860, Ch. 114, so extends this lien - as to embrace the case of a contractor in the third degree. This Act reads as follows: "That § 1981 of the Code (being § 2739 of compilation of Milliken & Vertrees) be so amended that the benefits of said section shall apply to all persons doing any portion of the work, or furnishing any portion of the material for building contemplated in said section."

To understand the intent of the Legislature by this amendment, we must look to the history of this mechanics' lien law. It is only necessary to go back to the Act of 1846. This Act, by its first section, gave the lien to "any *mechanic or undertaker by special contract with the owner.*" By the second section of this Act this lien was extended to the "journeyman workmen of said mechanic or undertaker, or such other person or persons as may be *employed by him or under him to do any part of the work or furnish any of the said material.*" This Act had been construed as giving the lien by the first section *only* to one who was a "*mechanic or undertaker*" of the contract. The second section applied only · to such

persons as were employed by "*such mechanic or undertaker*" to do work or furnish material. It was therefore held that, as the owner was neither a mechanic nor undertaker, one who sold him lumber, to be used in his house, had no lien. *Stevens* v. *Wells*, 4 Sneed, 389. It did not extend to a merchant who sold the owner machinery to put up in a flouring-mill. *Greenwood* v. *Tennessee Manufacturing Company*, 2 Swan, 130. Neither did it extend to a manufacturer who furnished and put up machinery in a steam tannery. *East Tennessee Iron Manufacturing Company* v. *Bynum*, 3 Sneed, 267.

The Act was widened, as carried into the Code of 1858, so as to add to the "mechanic or undertaker" the "founder or machinist." This amendment met the difficulty pointed out by the cases of Greenwood and Bynum, but did not cover the trouble pointed out by *Stevens* v. *Wells*, 4 Sneed, where it was held that one who furnished materials to the owner of the house, and upon contract with him, had no lien, because, said Judge Harris, such persons "are neither mechanics who have worked on the house, nor are they undertakers for its construction, nor have they furnished materials to the mechanic or undertaker."

The Act of 1860 amends § 2739 in such manner as to meet the last of the series of decisions mentioned. But this amendment in no way affects § 2746. The amended section relates alone to a limited class of persons who have *special contracts*

*with the owner.* Section 2746 relates to a class of persons who, *without any contract with the owner*, may acquire a lien. The section amended gave the lien only where the materials were furnished *by* a mechanic or undertaker or founder or machinist *having a special contract with the owner.* By the amendment the lien is extended to "all persons" who have a special contract with the owner, who do any part of the work or furnish any part of the materials. The thing essential to the lien given by the amendment is that the person claiming it shall have a *special contract with the owner* for the work or material. If it had been intended to extend the lien to a contractor in the third or fourth degree removed from the owner, or to any creditor of a remote subcontractor, then § 2746, which relates alone to persons having no contract with the owner, should have been amended. To justify a construction which would extend this lien to remote contractors or creditors of subcontractors, the statute should be so plain as to admit of no doubt. Such a construction would operate with great severity upon both the owner and contractor. Upon the contractor, in the present state of the law, such a lien would be most oppressive. His own contract might be a prudent one. His contracts with subcontractors might be such as to leave him a margin of profit. But if the contract price to be paid by the owner is to be subjected to the improvident agreements of the subcontractors, over whose contracts he has no control,

he is left without protection, unless he requires such bond as most small contractors would be unable to give. The strong tendency of judicial opinion has been against any construction extending these liens to the creditors of subcontractors. *Wood* v. *Donaldson*, 17 Wend., 550, and 23 Wend., 395; *Stephens* v. *United Railroad*, 29 Ohio St., 227; *Harris* v. *Rand*, 27 Penn., 511.

Decree affirmed.