# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

OCTOBER TERM, 1894.

THE FRUIN-BAMBRICK CONSTRUCTION COMPANY, Appellant, v. ROBERT JONES *et al.*, Respondents.

60   1
80  99
60    1
100  ¹292

St. Louis Court of Appeals, December 4, 1894.

1. **Mechanics' Liens:** NOTICE OF LIEN. Mistakes in the notice of a lien claim, given by a subcontractor to the owner, will not vitiate the notice, unless it appears that the owner was misled thereby to his prejudice.

2. ———: ———. Such a notice was addressed to B. & P., whereas the B. & P. Pipe Co., a corporation, was the owner. It was served at the office of the corporation, on P., who was an officer of the corporation; and it incorrectly named B. & P. as the debtors. Except as mentioned, it was in correct form, and it described minutely the property affected. *Held*, under the foregoing rule, that it was not invalidated by these errors.

3. ———: LIEN FOR MATERIALS FURNISHED TO THE SUBCONTRACTOR OF A SUBCONTRACTOR. A material man who furnishes materials for a building is entitled to a lien therefor, though he furnishes them to the subcontractor of a subcontractor.

Construction Company v. Jones.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED *(with directions).*

*Horatio D. Wood* for appellant.

The court erred in holding that the notice of intention to file lien, offered in evidence, was insufficient. R. S. 1889, sec. 6723; *Putnam v. Ross*, 46 Mo. 338; *Henry v. Plitt*, 84 Mo. 237; *Miller v. Hoffman*, 26 Mo. App. 202; *Steinman v. Strimple*, 29 Mo. App. 478; *Dewitt v. Smith*, 63 Mo. 266; *Bambrick v. Webster Groves Ass'n*, 53 Mo. App. 240; *Midland v. Kreeger*, 52 Mo. App. 421; Wade on Notice, sec. 640; *Shaw v. Bryan*, 39 Mo. App. 523; *Bank v. Schaumberg*, 38 Mo. 228; *Grace v. Nisbet*, 109 Mo. 19; Phillips on Mechanics' Lien, sec. 16.

*Pollard & Mott* for respondents.

(1) One who furnishes materials to a subcontractor of a subcontractor is not entitled to a lien under our statute. R. S. 1889, sec. 6705; *Monroe v. Hannan*, 7 Mackey, 197; *Railroad v. Watson*, 85 Ill. 531; *Morrison v. Whaley*, 16 R. I. 715; *Bradford v. Board*, 16 S. W. Rep. (Tenn.) 406; *Horbeck v. Southwell*, 18 Wis. 416; Phillips on Mechanics' Liens [3 Ed.], sec. 49; *Stephens v. Stock Yard Co.*, 29 Ohio, 227; *Wood v. Donaldson*, 17 Wend. 330; *Donaldson v. Wood*, 22 Wend. 395; *Turcot v. Hall*, 8 Ala. 522; *Rothberger v. Dupuy*, 64 Ill. 452; *McGugion v. Railroad*, 10 S. E. Rep. —; *Harland v. Rand*, 27 Pa. 511; *Ins. Co. v. Railroad*, 127 Ind. —; Century Dictionary, word "subcontractor." (2) The notice of intention to file lien must be addressed to the owner, and must be served upon the

owner, owners, his agent, or either of them. R. S. 1889, sec. 6723; Phillips on Mechanics' Lien [3 Ed.], sec. 63; *Ryan v. Kelly*, 9 Mo. App. 39; *Hewitt v. Truitt*, 23 Mo. App. 443.

BIGGS, J.—The defendants, Jones and Mara, did the stone work of a building erected by their codefendant, the Blackmer & Post Pipe Company, a corporation. Alexander Hughes, the original contractor, sublet the work to Delaney Brothers, who in turn sublet it to Jones and Mara. This is an action against Jones and Mara for the value of building stone furnished by plaintiff, and which was used in the construction of the building, and also to enforce a mechanic's lien against the improvements. It was undisputed on the trial that the plaintiff furnished the materials, that they were of the value claimed, and that they went into the building. The court held that the notice of plaintiff's claim to the Blackmer and Post Pipe Company was insufficient, both as to form and the manner of service, and refused to allow it to be read in evidence. The judgment was in favor of plaintiff, as to the debt, but against it as to the lien. The plaintiff has appealed, and complains of the action of the court in respect of the notice.

The section of the statute requiring subcontractors to give notice of their claims, requires the notice to be served on the *owner* of the building ten days before the lien is filed; that the notice shall set forth the amount of the claim, from whom due, and a description of the building, or other improvement. R. S. 1889, sec. 6723. The objections made to the present notice are, that it is directed to Lucian R. Blackmer and Lewis W. Post, of the firm of Blackmer & Post; that it stated that the debt was due from Blackmer & Post, and that it was served on Lewis W. Post. In other respects

the notice was sufficient in form. It stated correctly the amount of the claim, gave the names of the original and subcontractors, specified the materials furnished, and to whom furnished, and described minutely the building and the land on which it was situated.

It was admitted that, at the time of the service of the notice, Lewis W. Post was an officer of the Blackmer & Post Pipe Company; that the service was made at the office of the Company, and that Post said that he "accepted service."

Under a strict construction of the statute, the notice would be insufficient. But that is not the rule in this state. Under the recent decisions, the mechanic's lien law is held to be highly remedial, and, in order to advance its equitable object, a liberal construction should be given to all of its provisions. *De Witt v. Smith*, 63 Mo. 263; *Hayden v. Wulfing*, 19 Mo. App. 356; *Bruns v. Braun*, 35 Mo. App. 337; *Oster v. Rabencau*, 46 Mo. 595. The object of the notice is to give the owner of the building an opportunity to investigate the merits of the claim before he decides to pay it, and also to afford him an opportunity to protect himself by withholding payments from the original contractor, should he decide that the claim is meritorious and his property subject to a lien therefor. With this controling idea in mind, the rulings in this state have been substantially that the mode or manner of the service of such a notice becomes immaterial, provided it subsequently appears that the owner actually received the notice ten days before the filing of the lien paper; and that mistakes in the form of the notice will not vitiate it, unless it appears that the owner was thereby misled to his prejudice.

In the case of *Putnam v. Ross*, 46 Mo. 337, the notice gave the name of the real debtor, but coupled with it that of a third person who was not liable; held that, if

the defendant was not misled to his injury by the mistake, the notice was good, and that no presumption would arise that the owner was so misled.

In the case of *Henry v. Plitt*, 84 Mo. 237, there was a discrepancy between the description of the property in the notice and lien paper. Commissioner Martin, who delivered the opinion of the court, said: "The discrepancy between the notice and the lien claimed was not material or misleading, so far as the evidence discloses. A preliminary notice is required only as between the owner and material man, with whom there is no privity of contract. The object of it is to put the owner upon his guard and protect him against payments to contractors, while claims against them may be outstanding in favor of contractors and material men. If a notice does this in a given case, the fact will go a great way to sustain its sufficiency. * * * Failing to show any damage resulting from the supposed imperfection of the notice, the action of the court in admitting it will not be disturbed."

In *Miller v. Hoffman*, 26 Mo. App. 199, the notice was not personally served on the owner, but it appeared that he actually received it. The court, speaking through ROMBAUER, J., said: "The only object of the notice is to secure to the owner at least ten days' time to investigate the merits of the claim before he decides whether he will pay it or permit his property to be subjected to a lien. And while due notice from a subcontractor to the owner is essential to the validity of the latter's lien claim, the mode of service is immaterial, provided it sufficiently appears that the owner did, in fact, receive the notice at least ten days prior to the time when the lien was filed. Nor do we consider the fact essential that no personal service was made on the owner of this notice at least ten days prior to the filing of the lien, since the testimony virtually concedes

that she did receive it, and was advised of its contents, more than ten days prior to such filing."

In *Steinmann v. Strimple*, 29 Mo. App. 478, the notice did not state the names of the contractors correctly. It was held that it was not in the remotest degree possible that the owner of the building was misled by the mistake.

In *De Witt v. Smith*, 63 Mo. 263, the lien notice misdescribed the property as situated in block 2 instead of block 20. The evidence showed that the only property owned by the defendant was situated in block 20, upon which he had erected a building corresponding with that described in the notice. The court said: "As to Shell, the owner and defendant in this case, it can not be pretended that he was misled, or that he had any difficulty in identifying the property intended to be charged."

In the case of *Bambrick v. Webster Groves, etc., Ass'n*, 53 Mo. App. 225, the notice, as in the case at bar, contained the recital that the owner of the property owed the debt. We held that the discrepancy amounted to nothing.

In *Shaw v. Bryan*, 39 Mo. App. 523, the service was had on the agent of the owner, but he was named as *owner* and not as agent. It was said by the court: "The statute requires the notice to be served upon either the owner or agent. In this case, it was, in fact, served on the agent, though he was called the owner. It seems to me that the object of the statute has been fulfilled. The proper party has been notified and put in possession of those facts which the statute has provided for his protection."

Under the foregoing decisions, and applying a liberal and equitable construction of the statute to the case in hand, it is evident that the imperfections in the notice itself, and the informality of its service, were

immaterial, as it is not pretended that the Blackmer & Post Pipe Company was thereby misled to its prejudice.

It is true that Blackmer and Post were designated as owners and Post was served as such, but it was admitted that Post was an officer of the company and that the service was had at it business office. That the company by reason of the service on Post actually received notice of the claim, and that the plaintiff intended to charge its property therewith, can not be seriously questioned; and the fact that Post was served as owner, and not as agent, could make no material difference, as was decided by the Kansas City court of appeals. *Shaw v. Bryan, supra.* And the further objection, that the notice contained the recital that Blackmer and Post were the debtors, instead of Jones and Mara, was an obvious mistake which could not have deceived or prejudiced anyone. (*Bambrick v. Webster Groves Ass'n, supra.*) We, therefore, conclude that the ruling of the court as to the notice was error, for which the judgment will have to be reversed.

But the defendants insist that the judgment of the court as to the lien must be sustained, on the ground that under the mechanic's lien law of this state a material man, who furnishes material to a subcontractor of a subcontractor, is not entitled to a lien. The language of the statute is that: "Every mechanic or other person who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for, any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or *subcontractor*, upon complying with the provisions of this article, shall have * * * a lien," etc. R. S. 1889, sec. 6705.

How should the word subcontractor be construed is the question? Is it a word of limitation to be confined to subcontractors in the first degree, or is it a word of description applicable to subcontractors in any degree however remote? In those states in which the courts have adopted a strict or textual interpretation of mechanics' lien statutes, the former is the rule. This is upon the idea that such statutes are in derogation of the common law, and are not presumed to make any changes in the general law, further than the act itself *expressly declares.* *Morrison v. Whaley,* 16 R. I. 715; *Bedford Stone Co. v. Board,* 91 Tenn. 200; *Harbeck v. Southwell,* 18 Wis. 418; *Monroe v. Hannan,* 7 Mackey (18 D. C.) 197; *Cairo Railroad Co. v. Watson,* 85 Ill. 531; *Kirby v. McGarry,* 16 Wis. 68; *Stephens v. Stock Yard Co.,* 29 Ohio St. 227; *Donaldson v. Wood,* 22 Wend. 395; *Wood v. Donaldson,* 17 Wend. 550; *Rothgerber v. Dupuy,* 64 Ill. 452; *Harlan v. Rand,* 27 Pa. St. 511; *McGugin v. Railroad,* 10 S. E. Rep. (W. Va.) 36. In those states, in which such statutes receive a liberal or equitable construction, the latter rule is adopted, and all persons who perform labor or furnish material on the credit of a building are held to be entitled to the beneficent provisions of such statutes. *Spafford v. Duluth Railroad,* 51 N. W. Rep. (Minn.) 469; *Zarrs v. Keck,* 58 N. W. Rep. (Neb.) 933; *Mundt v. Railroad,* 31 Wis. 451; *Lumbard v. Railroad,* 64 Barb. 609. This is upon the theory that mechanic lien statutes are highly remedial, and should be construed in references to the intention of the legislature, and that the construction should be liberal, so as to broaden and not restrict the remedy. In accordance with this rule of interpretation the supreme court of this state held, that the word "contractor," as used in the statute of 1855, included a subcontractor. *Peters v. Railroad,* 24 Mo. 586. Since that time the statute has been amended so

as to expressly include subcontractors, thus showing a disposition on the part of the legislature to extend rather than restrict the benefits of the law. If the legislature had intended to confine the meaning of the word subcontractor to the first contractor, such intention could have been easily expressed by inserting the word "original" before the word subcontractor, which would have left no doubt as to the legislative intent. We, therefore, conclude that there is no merit in the defendant's contention.

We will, therefore, reverse the judgment and remand the cause, with directions to the circuit court to enter a judgment in favor of the plaintiff both as to the debt and the lien, since all other facts involved in the right of recovery are conceded. All the judges concur.