CAROLINA PORTLAND CEMENT CO. *v.* HITT LUMBER & BOX
CO. *et al.*

(*Knoxville.* September Term, 1918.)

MECHANICS' LIENS. Right to lien. Materials furnished to material-
man. ''Mechanic, founder, or machininst.''

Where owner ordered material .from materialman, who in turn
turn ordered it from another materialman, the latter material-
man has no lien for the material so furnished and used in the
construction of the building, having had not special contract
with owner or his agent, under Shannon's Code, section
3531, in view of art of 1860, and being no "mechanic,
founder, or machinist," within section 3540.

Acts cited and construed: Acts 1846, ch. 118; Acts 1860, sec. 2739.

Cases cited and approved: Greenwood et al. v. Tennessee Mfg. Co.,
32 Tenn., 130; Greenwood & Bynum, 35 Tenn., 267; Stevens v.
Wells, 36 Tenn., 387.

Cases cited and distinguished:  Greenwood v. Tennessee Mfg. Co.,
32 Tenn., 130; Stevens v. Wells, 36 Tenn., 387; Stone Co. v. Board
of Publication, 91 Tenn., 200; Thompson v. Baxter, 92 Tenn., 307.

Codes cited and construed: Secs. 3531, 3540(S.); Secs. 1981, 1986
(1858).

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton
County.—HON. W. B. GARVIN, Chancellor.

SIZER, CHAMBLISS & CHAMBLISS, for appellant.

BROWN, SPURLOCK & BROWN, for appellee.

Mr. Justice Hall delivered the opinion of the Court.

In March, 1917, the defendant Chattanooga Manufacturing Company, a corporation doing business in the city of Chattanooga, Tenn., contracted with one A. F. Hahn to construct for it a factory building on a lot owned by it situated in said city, and which is fully described in the bill filed in this cause, in accordance with plans and specifications which had been prepared by an architect.    Under the contract Hahn was to furnish all of the  materials for said building, except the lumber and millwork.    These materials the defendant itself agreed to furnish, and pursuant to said agreement it contracted with the Hitt Lumber & Box Company, also a corporation doing business in the city of Chattanooga, and a dealer in and a planer of lumber, for the lumber and millwork for said building. The Hitt Lumber & Box Company, not having in stock the flooring and certain heavy framing timbers required for said building, contracted with the complainant, who is a corporation chartered and organized under the laws of the State of South Carolina, and has an office and place of business at Birmingham, Ala., and was engaged in the manufacture and sale of lumber, to furnish the flooring and timbers required for said building, amounting to 128,340 feet, at the prices of $26.50 and $18.95 per 1,000 feet, less freight to Chattanooga.

Complaint had furnished under its contract with the Hitt Lumber & Box Company, materials to the amount of $4,202.61, when said company was placed in the

hands of a receiver and was later adjudged a bankrupt. Thereafter, the remainder of said materials, to be furnished by complainant under its contract with the Hitt Lumber & Box Company, were furnished direct to the defendant Chattanooga Manufacturing Company, under a contract entered into with it by the complainant. The materials furnished to the Manufacturing Company, under its contract with the complainant, have been paid for, but none of the materials furnished under its contract with the Hitt Lumber & Box Company were paid for.

The bill in this cause was filed by the complainant against both the Chattanooga Manufacturing Company and the Hitt Lumber & Box Company (the latter company being sued upon authority given by the bankrupt court) to recover of said defendants for the materials furnished by complainant to the Hitt Lumber & Box Company, and to have a furnisher's lien declared upon the property of the defendant Chattanooga Manufacturing Company for its satisfaction.

The theory of the bill was that the Chattanooga Manufacturing Company and the Hitt Lumber & Box Company entered into a contract by which the latter company, either as the agent of, or as the original contractor of, the former company, undertook and agreed to manufacture or procure for the said Manufacturing Company certain timbers and flooring, which the bill alleges were to be cut and shaped to sizes and dimensions required for the complainant's building. The bill alleged that notice was given the Chattanooga Manufacturing Company that a lien was claimed upon

the property upon which said improvement had been made, in accordance with the statute.

The Chattanooga Manufacturing Company in its answer, specifically denied that complainant was contracted with by the Hitt Lumber & Box Company, either as its agent or as its original contractor, as alleged in the bill. It also denied that complainant had given the notice required by statute within the time required, which was necessary to perfect a lien upon its property for the materials furnished.

Upon the hearing the chancellor decreed that the complaint was a furnisher of materials to one with whom the owner had contracted for the furnishing of materials; that the Hitt Lumber & Box Company was not the agent of the owner of the property in making the contract with the complainant, but in making said contract acted in its own behalf and for his own benefit; that therefore complainant was not entitled to a lien under section 1981 of the Code (Shannon's, section 3531), nor was the Hitt Lumber & Box Company a "mechanic, founder, or machinist," within the meaning of section 1986 of the Code (Shannon's, section 3540); and that therefore complainant was not entitled to a lien on the property of the defendant Manufacturing Company, or to a personal judgment against that company, and the bill was dismissed in so far as it sought such relief; but a decree was rendered in favor of the complainant against the Hitt Lumber & Box Company for the amount sued for, with interest from the date of the filing of the bill.

From so much of said decree as denied complainant relief against the Chattanooga Manufacturing Company the complainant has appealed, and has assigned errors.

The question presented by the assignments of error is: Do the facts bring the complainant within the provisions of the mechanic's lien law of this State, and is it entitled to have its claim declared a lien upon the property of the Chattanooga Manufacturing Company, with whom it occupied no contractual relation?

Section 1981 of the Code (Shannon's Section 3531), gives a lien: "upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials," etc.

This section is, in substance, the first section of Acts 1846, chapter 118. By section 1986 of the Code (Shannon's, Section 3540) this lien is extended to "every journeyman or other person employed by such mechanic, founder, or machinist, to work on the buildings, fixtures, machinery, or improvements, or to furnish material for the same."

This section is, in substance, the second section of the act of 1846.

In *Greenwood* v. *Tennessee Mfg.* Co., 2 Swan, 130, it was held that the merchant who furnished the machinery by contract with the owner to be used in erecting

a factory was not entitled to the lien provided by this act. The reason assigned by the court was that the lien was only given in favor of such "mechanic or undertaker." The court said:

"Mr. Greenwood's contract was with the owner, and had no connection with the undertaker."

In *Stevens* v. *Wells,* 4 Sneed, 387, the complainants, who were lumber dealers, sold to the owner lumber to build a house on his land. The same not having been paid for, suit was brought to have a lien declared on the land upon which the improvement had been erected under the act of 1846 for the satisfaction of the debt growing out of the sale of the lumber. The court, in construing both sections of the act, said:

"Complainants are within neither of these provisions. They are neither mechanics who have worked upon the house, nor are they undertakers for its construction, nor have they furnished materials to the mechanic or undertaker and given the owner notice, as required by the statute. They have simply sold the owner a bill of lumber, for which the statute gives them no lien, and they stand as other creditors of the owner. See *Greenwood et al.* v. *Tennessee Mfg. Co.,* 2 Swan, 130."

In *State Co.* v. *Board of Publication,* 91 Tenn., 200, 18 S. W., 406, the cases above cited were reviewed by the court, as well as the amendment of said act made at the time it was brought into the Code of 1858, and by a later act passed by the General Assembly of 1860, which extended the benefits conferred by said act to all persons doing any portion of the work, or furnish-

ing any portion of the material, for the building contemplated in said section. In construing said amendments the court said:

"The act was widened, as carried into the Code of 1858, so as to add to the 'mechanic or undertaker' the 'founder or machinist.' This amendment met the difficulty pointed out by the Cases of *Greenwood and Bynum* [3 Sneed, 267], but did not cover the trouble pointed out by *Stevens v. Wells,* 4 Sneed, 387, where it was held that one who furnished materials to the owner of the house, and upon contract with him, had no lien, because, said Judge HARRIS, such persons 'are neither mechanics who have worked on the house, nor are they undertakers for its construction, nor have they furnished materials to the mechanic or undertaker.'

"The act of 1860 amends section 2739 (section 1981 of the Code of 1858) in such manner as to meet the last . . . series of decisions mentioned. But this amendment in no way affects section 2746 (section 1986 of the Code of 1858).. The amended section relates alone to a limited class of persons who have special contracts with the owner. Section 2746 (section 1986 of the Code of 1858) relates to a class of persons who, without any contract with the owner, may acquire a lien. The section amended gave the lien only where the materials were furnishd by a mechanic or undertaker or founder or machinist having a special contract with the owner. By the amendment the lien is extended to 'all persons' who have a special contract with the owner, who do any part of the work or furnish

any part of the materials.   The thing essential to the lien given by the amendment is that the person claiming it shall have a special contract with the owner for the work or material.''

We think it is clear that, under the rule announced in that case, a dealer in lumber who sells to the owner is neither a ''mechanic or undertaker or founder or machinist.''   His lien is given by the act of 1860, and is dependent upon his special contract with the owner. In other words, it must accrue to him under section 1981 of the Code (Shannon's, Section 3531).   Section 1986 (Shannon's, Section 3540) gives a lien to the person employed by such ''mechanic, founder, or machinist, to work on the buildings, fixtures, machinery, or improvements, or to furnish material for the same.''   It does not give a lien to lumber dealers who have sold lumber to another dealer with whom the owner has contracted to furnish lumber for the construction of his house.   Nor does the act of 1860 give to the persons thereby protected the status of ''mechanics, founders, or machinists,'' as these terms are employed in section 1981 of the Code (Shannon's Section 3531).

In *Thompson* v. *Baxter,* 92 Tenn., 307, 21 S. W., 669, 36 Am. St. Rep., 85, this court said:

''This lien is purely statutory, and unknown to the common law.   Only those enumerated and embraced in the statute are entitled to the lien.   A liberal construction of the mechanic's lien law does not mean that they shall be liberally construed in embracing or including others than those enumerated in the statutes. It must clearly appear that the claimant has a lien.   No

one is entitled to the lien unless the statute includes him or them. They are not to be included by strained construction. Unless the statute gives the lien, the party has none."

The complainant was neither a "mechanic or undertaker, founder, or machinist," who had furnished the lumber, for which it seeks a recovery and lien, by special contract with the owner of the property upon which the improvement was made. Nor was it employed by Hahn, with whom the owner of the property had contracted to furnish said lumber. It therefore is not entitled to a lien under the act of 1846. It cannot have the lien under the act of 1860, because it had no special contract with the owner to furnish the lumber. The proof fails to sustain the allegation of the bill that the Hitt Lumber & Box Company, in contracting with complainant for said lumber, was acting as the agent of the Chattanooga Manufacturing Company. Complainant simply stands in the attitude of a dealer who has furnished lumber to another dealer, who had contracted with the owner to furnish such lumber, and is therefore not protected by the statute.

The decree is affirmed, with costs.